IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KEVIN D. ALLEN, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| DARLENE DREW, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:14-CV-1570-TWT-LTW |

## FINAL REPORT AND RECOMMENDATION

Petitioner is confined at the federal prison camp in Atlanta, Georgia. Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Docs. 1, 5.) Respondent opposes the petition.[1] (Doc. 8.)

Petitioner was in state prison when, in September 2006, the U.S. District Court for the Western District of Virginia sentenced him to 108 months' imprisonment for federal drug crimes. (Docs. 1, 5.) Petitioner still had a few years left on his state sentence at that time. (*Id.*) The federal sentence was to run consecutively to the state sentence. (*Id.*)

---

[1] Petitioner filed a notice contending that Respondent failed to respond to the Court's Order requiring a response. (Doc. 9.) The Order required Respondent to file her response within thirty-five days of receipt of the Order. (Doc. 6.) Respondent received the Order on July 3, 2014, (Doc. 7), and timely filed her response on August 4, 2014, (Doc. 8).

Federal officials mistakenly took custody of Petitioner when his federal sentence was imposed. (*Id.*) State officials notified federal officials of the error and requested that Petitioner be returned to state custody to complete his state sentence. (*Id.*) Federal officials complied and returned Petitioner to state custody in April 2007. (*Id.*) Petitioner completed his state sentence in 2008 and was then transferred to federal custody to serve his 108-month federal sentence. (*Id.*) Petitioner began receiving credit toward his federal sentence in 2008. (*Id.*)

Petitioner contends that his federal sentence began when he was first placed in federal custody in September 2006. (*Id.*) Petitioner thus seeks credit toward his federal sentence from September 2006 to April 2007, the time when he was mistakenly in federal custody. (*Id.*)

The Court cannot adjudicate Petitioner's claim because another federal court already has done so. In 2010, Petitioner filed a § 2241 petition in the U.S. District Court for the Eastern District of Virginia, where he was confined at the time. (*See* Doc. 8-3.) In that case, Petitioner "contend[ed] that his federal sentence should be deemed to have commenced immediately following its imposition, at which time he was erroneously sent to a federal correctional facility when he should have been returned to Virginia authorities to serve a state sentence that had already been

2

imposed" and "contend[ed] that he should receive credit toward his federal sentence for the time spent in federal custody when he should have been in state custody, namely from September 23, 2006 to April 9, 2007." (*Id.* at 3.)  That is the same claim Petitioner presents in this case.  (Docs. 1, 5.)

The federal court in Virginia denied Petitioner's § 2241 petition on the merits. (Doc. 8-3.)  That court held that "petitioner's federal sentence did not commence until he was transferred to federal custody following the completion of his state sentence" and that "petitioner is not entitled to be awarded credit against his federal sentence for the time mistakenly served in federal prison because that time was already credited against his state sentence." (*Id.* at 6.)  The U.S. Court of Appeals for the Fourth Circuit affirmed that decision in an unpublished opinion.  (Doc. 8-4.)

"Successive § 2241 petitions by federal prisoners are subject to threshold dismissal in the district court . . . ." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).  That is so because

> [n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus.

28 U.S.C. § 2244(a).  In a recent § 2241 case involving a claim similar to Petitioner's,

3

the court of appeals held that the federal prisoner could not present "the same argument [he] made in his first § 2241 petition, which the district court denied on the merits." *See United States v. Tubby*, 546 F. App'x 869, 874 (11th Cir. 2013) (claim was "that the district court and the BOP failed to give him credit for time served in state custody"). Because Petitioner's claims were adjudicated on the merits in a previous § 2241 action, his current petition must be dismissed as successive. *See id.*; *Hankerson v. Drew*, No. 1:13-cv-1790-WSD, 2013 WL 5606887, at *1-2 (N.D. Ga. Oct. 11, 2013) (dismissing § 2241 petition because claim had been adjudicated in a previous § 2241 case).

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED**.

**SO RECOMMENDED**, this 5 day of September, 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

4